June Term, 1861.

SIMMONS v. JOHNSON et al.

SIMMONS vs. JOHNSON and others.

| 14 | 523 |
|----|-----|
| 74 | 169 |
| 14 | 523 |
| 77 | 535 |
| 14 | 523 |
| 117 | ¹185 |

A description of lots in a deed by their numbers as designated on the recorded plat of a village, is sufficient although the plat referred to had never been duly acknowledged and was not entitled to registration.

The statutes of this state prior to the act of May 17, 1858 (R. S., p. 798), made the judgment of a court of record a lien upon the homestead of the debtor, but suspended the remedy of forced sale upon execution during the time he occupied it for that purpose: and when the debtor conveyed such homestead or voluntarily ceased to occupy it, the lien could be enforced as in other cases.

APPEAL from the Circuit Court for *Rock* County.

Action to set aside a sale on executions, of a certain lot in

the city of Beloit, and enjoin the sheriff from executing a deed of the lot to the purchaser at said sale. The validity of the sale was denied on the grounds, 1. That the legal title to the lot did not become vested in the judgment debtor by virtue of the deeds referred to below in the finding of the court, because the plat, by reference to which alone the lot was described in said deeds, was irregular and void. 2. That at the time the judgments under which the lot was sold, were docketed in Rock county, the lot in controversy was occupied as a homestead by the judgment debtor, and at the time of the sale was occupied as a homestead by the plaintiff (who was his grantee), and so was not subject to sale to satisfy said judgments. 3. That whereas a certain other lot had been levied upon and was sold on the same executions, the defendant *Johnson*, who was the assignee of the judgments, had by certain fraudulent acts, caused the plaintiff's lot, which was first sold, to be bid off for more than its just proportion of the judgment debts. The purchaser, *Johnson*, and the sheriff and his deputy were made defendants. *Johnson*, in his answer, demanded judgment that the sheriff should execute to him a deed for the lot in controversy, and that his title be quieted. The pleadings need not be further stated, as the material facts of the case are stated in the finding of the court, which was substantially as follows:

Before the 23d of December, 1840, one White and others, severally owning certain lands in the then town of Beloit (but which lands are now comprised in the city of Beloit), made a plat thereof, which represented streets, blocks, lots, &c., as the same had been previously laid out upon the ground constituting the site of said city. This plat was never acknowledged as required by law to entitle it to registration, but was copied by the register of deeds of said county, about the 25th of December, 1845*, into a book in his office kept to record town plats in. After making this plat (which was known as the Hopkins plat), White sold

---

* This date, which appears in the finding in the printed "case," is probably a misprint. It is stated by the court in *Gardiner vs. Tisdale,* 2 Wis., 183, that the plat here referred to, was "filed for record in the office of the register of deeds, on the 10th of August, 1840."

from his portion of the lands embraced therein, numerous lots to different persons, and in his conveyances always described the lands sold with reference to that plat; and said lots were never known or described otherwise than as represented upon that plat until the recording of another plat thereof in 1855, made by one Oliver P. Rice, in which the premises represented on the Hopkins plat as lot 1, block 71, are represented as lot 1, block 25. On the 23d of December, 1840, White sold to one Riddle lots 1 and 2, block 71, as designated on the Hopkins plat, and for the purpose of conveying them, executed to Riddle a deed, describing them therein as " lots 1 and 2 in block 71 in the village of Beloit * * for a more full description of the same reference being had to the recorded maps of said village." Riddle immediately entered into possession, and remained in possession until June 26th, 1845, when he executed to one Hackett a deed of one of the lots, describing it as " lot 1 in block 71 in the village of Beloit, it being the premises recently occupied by the grantor in this deed," &c. Hackett immediately entered upon said premises, and retained possession of them until May, 1854, when he executed a deed of the same to the plaintiff, who entered and remained in possession until the commencement of this suit. In 1850, two judgments were docketed in Rock county against said Hackett and one Banta and another person. At that time Hackett occupied said lot as a homestead, and said Banta owned and occupied as a homestead lot 3 in the same block. In 1856, the judgments having been revived, executions were duly issued, under which the sheriff levied upon said lots 1 and 3, and in April, 1857, sold lot 1 for $2000 to the defendant *Johnson*, and immediately thereafter sold lot 3 for $300 to one Keyes, who had previously acquired title to it through a conveyance made by Banta in November, 1853.

Upon these facts the court held that the defendant *Johnson* ought to have judgment that he was entitled to a deed from the sheriff, of the premises designated as lot 1 in block 71 of the city of Beloit according to the Hopkins survey, being lot 1 in block 25 of the survey by Rice, &c.; and that

June Term,
1861.

Simmons
v.
Johnson et al.

December 11.

the title to said lot be quieted in said *Johnson.* Judgment accordingly.

*Rockwell & Converse,* for appellant.    [No brief on file.]
*Mat. H. Carpenter,* for respondent.

*By the Court,* Dixon, C. J.    The want of acknowledgment of the plat to which the parties referred for a description of the lot conveyed by White to Riddle and by Riddle to Hackett, did not invalidate those conveyances, or prevent the title from vesting in the grantees. It is sufficient, within all the adjudications, that the deed furnishes on its face, either directly or by reference to extrinsic facts and evidences, the means by which it can be connected with its subject matter, and the intention of the parties ascertained with reasonable certainty.    If it do this, it cannot fail for uncertainty.    For this purpose it is enough if it refers to other deeds or writings by which the lands granted can be identified. *Coats vs. Taft,* 12 Wis., 388, and *Benedict vs. Horner,* 13 Wis., 262, and authorities there cited.    In the first named case this court say : " We do not understand the law to require that a deed should, on its face, ascertain the limits or quantity of the estate granted, or the particular property conveyed; but that it will be sufficient if it refers to certain known objects or things, and provides definite means by which the same may be readily ascertained and known." Within these principles, it is obvious that the conveyances were valid, and that the title passed to Hackett, one of the debtors in the judgments under which the defendant *Johnson* claims title by purchase.    For if, as has been held, it suffices to refer to a deed or other written instrument in the possession of a private individual, there is much more reason for saying that it shall be sufficient to refer to it in the possession of a public officer, whose duty and business it is to record and preserve the evidence of land titles, and who has in fact transcribed it into a book of public records, and in whose hands it is at all times open and accessible.    The circumstance that such deed or other instrument is not acknowledged, and therefore not entitled to registration, does not destroy its usefulness as a means of reference.    It would be

as good for that purpose if it had never been intended or offered for record. It is the deed passing between the parties, and not the instrument to which reference is made, which conveys the title, and if that is executed and delivered according to the requirements of the law, no exception can be taken to it. An acknowledgment would have added nothing to the plat as a correct designation of the lot, and it is not objected that the plat was inaccurate or presented any difficulties in the way of ascertaining its dimensions or location. The conveyances were therefore good.

The question of the liability of the lot to sale upon execution, after Hackett's sale and removal, has been already settled by this court. In *Hoyt vs. Howe*, 3 Wis., 752, it was determined that the statutes, as they stood prior to the act of May 17th, 1858, (Revised Statutes, page 798,) made the judgment of a court of record a lien upon the homestead of the debtor, but suspended the remedy of forced sale upon execution during the time he occupied it for that purpose, and that whenever he voluntarily ceased to occupy it or conveyed it, the lien of the judgment could be enforced as in other cases.

The allegations of fraud contained in the complaint seem not to have been insisted upon or sustained in the court below, and the order in which the two lots were sold by the sheriff presents no ground for impeaching or setting aside the sale.

Judgment affirmed.