## FINNEY and another vs. BOYD.

1. ESTOPPEL BY RECORD:   *Who bound by a judgment.*
2. TAX DEED:   *Description of land need not refer to a valid plat.*

1. Judgments bind not only parties, but privies in interest, law or estate.
2. In an action upon a tax deed, a judgment for plaintiff binds a subsequent grantee of defendant, so that he cannot, in ejectment by such judgment plaintiff, set up title in a third party paramount both to that of the plaintiff and to that of his own grantor.
3. A tax deed cannot be invalidated on the ground that the plat referred to in the description of the land is not a legal one, binding on the proprietors, if such plat was in proper form, and recorded in due form, and has been habitually treated as valid by the taxing officers with the knowledge of the land owners, and no steps have been taken to vacate or correct the record.

APPEAL from the Circuit Court for *Fond du Lac* County.

The action below was ejectment, by *Finney* and *Platt* against *Boyd*, for lots numbered from 13 to 16, and from 29 to 32, in block 62, Ford's Addition to the city of Oshkosh. The plaintiffs claimed all the lots except that numbered 13, under tax deeds from the county; and also claimed said last mentioned lot, as well as the others, under tax deeds from the city of Oshkosh. In a former action by *Finney* against Ford and others, under ch. 22, Laws of 1859, based upon the same deeds, to foreclose the interest of said Ford and others in these lots, this court, on appeal, held, that the relief provided by said ch. 22 did not apply to tax deeds issued by the city; and they reversed the judgment appealed from, and remanded the cause, with directions that the complaint be dis-

missed as to the two counts upon the tax deeds executed by the city treasurer, and that the plaintiff have judgment upon the other three counts (based on tax deeds from the county), according to the statute and the rules and practice of the court.   See 22 Wis. 173–175.   *Platt* and *Boyd* claim under grants subsequent to that judgment; the former as a grantee of *Finney,* and the latter as grantee of defendants in the former suit.

The circuit court found as facts, *inter alia,* that in 1849, one Chapman died seized of the land in dispute; that afterwards certain proceedings were had in the probate court, and the land was in fact sold, and a deed thereof to one Chester Ford executed by the administrator of Chapman's estate ; that in 1855, the heirs of Chester Ford, then of age, the administrator, and the guardians of the minor heirs, had the premises surveyed and platted, and the plat recorded; that by various specified proceedings, in partition, by deeds, etc., all the heirs of Chester Ford had referred to and recognized said plat; and that since 1856, all assessments of the land for taxation had been made according to said plat.   The finding then recites the former suit by *Finney* against the Ford heirs, " in which the first decree was entered July 1, 1865, and from which appeal was taken to the supreme court by all the defendants, wherein the decree was reversed, with directions to enter a new decree as per the decree entered adjudging *Finney* to own in fee all the lots in dispute, except 13." As conclusions of law, the court held that the title to the premises never passed from the Chapman estate to Chester Ford or his estate ; that the proceedings of Ford's heirs and administrators in making the plat were void; that the assessments of the lands according to said plat, and the deeds based on such assessments, were void; and that the plaintiffs acquired no title to the premises under the decree in the action foreclosing the tax deeds, and had no title to them at

the commencement of the action.    Judgment was therefore rendered dismissing the complaint, etc.; to reverse which judgment, *Finney* and *Platt* sued out their writ of error.

*Moses Hooper*, for plaintiffs in error:

1. *Boyd* is estopped from denying the title under which he entered, especially when the same has been vested by legal proceedings in the plaintiff. *Bunker v. Rand*, 19 Wis. 260; *McClain v. Gregg*, 2 A. K. Marsh. 455; *Connelly's Heirs v. Chiles*, id. 242; *Jackson v. Jones*, 9 Cow. 182; *Woolfolk v. Ashby*, 2 Met. (Ky.) 288; 1 Greenl. Ev. § 24; 2 id. §§ 305, 307; *Jackson v. R. R. Corp.*, 1 Cush. 575; *Johnstone v. Scott*, 11 Mich. 242–246; 7 Johns. 156, 157; 10 id. 223; 3 Caines R. 188; 10 East, 355.    It is sufficient to prove the better title from the common source of title of both parties. *Orton v. Noonan*, 19. Wis. 355; *Sexton v. Rhames*, 13 id. 102. 2. An assessment of land by lots and blocks is good, where there is a recorded plat publicly known, even if the plat was not regularly made, or made by the owner. *Janesville v. Markoe*, 18 Wis. 350; *Johnstone v. Scott*, 11 Mich. 232; *State v. Platt*, 4 Zab. 108; 6 Wis. 214; 14 id. 526.    3. *Boyd*, having bought these lots and taken deeds of them, and fenced them, with reference to the plat in question, is estopped from now denying its existence and validity. *Wyman v. The Mayor*, 11 Wend. 486; 11 Mich. 243, 244; 8 Ohio St. 448.

*Freeman & Hancock* and *Felker & Weisbrod*, for defendant in error:

1. We do not deny that *Boyd* would be concluded by the judgment in the case of *Finney* against the Ford heirs, from showing title in himself; but we think he may show that neither the Ford heirs nor *Finney* had title.    It is well settled that the grantee may show that his grantor had no title; so that *Boyd* would not be estopped by his deed. *Sparrow v. Kingman*, 1 N. Y. 242; *Great Falls Co. v. Worster*, 15 N. H. 412.    It does

not appear what kind of a decree was entered in *Finney's* foreclosure suit, except that the supreme court reversed the judgment appealed from, with directions to enter a decree adjudging *Finney* to be the owner in fee, etc. If such directions were given, they were not in accordance with secs. 37 and 44, ch. 22, Laws of 1859, under which that suit was brought. In the absence of any finding or evidence upon the point, we assume that the decree was in accordance with the provisions of that chapter. It would then "bar the defendants, and all claiming under them, from all right, title or interest in the land." While *Boyd* would be concluded by such a decree from setting up title in himself, he would not be concluded from showing that neither the plaintiff nor the defendants in that action had title. Estoppels must be mutual; but *Finney* would not be estopped by his judgment in foreclosure, from showing that the defendants therein never had any title. 2. The action to foreclose upon a tax deed is created by the statute. One who would avail himself of the provisions of the statute, must follow it strictly. *Mr. Finney* did not in that suit make the true former owner a party defendant; and his judgment, therefore, conferred no title. 3. The plat was void: first, because the Fords did not own the land; and secondly, because the administrator of the Ford estate, and the guardians of the minor. heirs, had no authority to make such a plat.

DIXON, C. J. This is a very plain case upon two of the questions involved in it, and which are decisive of the whole issue. The court below found that there was a decree in the former suit by the plaintiff in error *Finney* against the grantors of the defendant in error, to foreclose the tax deeds held by *Finney*, adjudging *Finney to own in fee all the lots in dispute*, except lot thirteen. The finding is in some respects obscure, but so we understand it, and it is

so treated by counsel. It appears from other findings, that the court intended to find, and did find, that a decree was entered, and which must have been in pursuance of the directions of this court, as stated in the finding. The defendant in error entered, and claims to hold, under and by virtue of conveyances from two of the parties defendant in that suit, which conveyances were executed subsequent to the rendition of the decree. The decree is, therefore, conclusive evidence of title as between the plaintiff in error *Finney* and his co-plaintiff (who is a part owner under him by conveyance executed after decree), and the defendant in error. The defendant in error, having entered and claiming title under the defendants in the former suit, is as much estopped from denying the title of the plaintiffs in error, as those defendants would be. This is a familiar and obvious principle in the law of estoppel by judgment, that it binds not only the parties to it, but all persons claiming under them. Judgments are binding not only upon parties but upon privies in interest, law or estate. *Lessee of Parish v. Ferris*, 2 Black, 606; *Greely v. Smith*, 1 Woodb. and Minot, 181; *Burnham v. Webster*, id. 172; *Sturdy v. Jackaway*, 4 Wallace, 174; *Castle v. Noyes*, 14 N. Y. 329; *Peterson v. Lothrop*, 34 Pa. St. 223; *Burton v. Wilkinson*, 18 Vt. 186. Counsel cite authorities to the effect that there is no estoppel *in pais* as against a grantee by deed, from denying the title of his grantor, or that his grantor had no such estate as he undertook to convey. But that is a very different question, and the rule does not and cannot extend so far as that a grantee may escape or deny the estoppel of a judgment conclusive upon the grantor under whom he claims. It would certainly be very strange, if, after a litigation and the settlement of a disputed question of title by the judgment of a court of competent jurisdiction, the unsuccessful party could, by a conveyance to a third person, or letting a third person into possession under

him, open up the entire controversy, and in effect annul the judgment. Judgments settling disputed questions of title to land would be of no value, if their operation could thus be defeated; and it requires no citation of authorities to show that such is not the law. The settled and elementary principle in such a case is the very reverse, and that the judgment will bind.

The other question is as to the effect of the tax deed executed by the city of Oshkosh, which included lot thirteen, and which was not foreclosed. The only objection to the deed is, that the plat according to which the property was assessed, taxes levied, and sale and conveyance made, was not a valid, legal plat, binding upon the owners of the land. The owners might have repudiated it if they would. The plat was proper in form, and was duly recorded in the office of the register of deeds. The owners and parties in interest did not dispute its validity at the time, and have since recognized it as valid. They took no steps to have it set aside or vacated, or the public record corrected. The municipal authorities and taxing officers treated it as valid, and the owners knew it. It would be a proposition quite as strange as the first, if, under such circumstances, the proceedings to levy and collect the taxes should be held irregular and void; and they cannot be. The public authorities and taxing officers are not bound to know that a plat or other instrument thus recorded is absolutely legal and binding as to all the owners or parties in interest, before they can proceed to tax in accordance with it. They may and must trust to appearances in such cases; and whatever the owners and parties interested acquiesce in, they may take as valid and sufficient. If this were not so, it would often happen that no taxes could be lawfully levied, and thus the property would escape taxation entirely. And so it was held by this court, in *City of Janesville v.*

*Markoe,* 18 Wis. 356, which is a decision directly in point upon this question. It was there determined, assuming the plat not to have been legal and valid, that the description of the property by lots and blocks according to it on the assessment roll was sufficient; and if it was sufficient in the assessment roll, then it is sufficient in the tax deed, as has been frequently held with respect to other deeds, including those executed by sheriffs. *Simmons v. Johnson,* 14 Wis. 523; *Vilas v. Reynolds,* 6 Wis. 214; *Johnston v. Scott,* 11 Mich. 232.

It follows that the judgment of the court below must be reversed, and the cause remanded with directions to enter judgment in favor of the plaintiffs in error (who were the plaintiffs in that court), and against the defendant, in accordance with the demand of the complaint.

*By the Court.*—It is so ordered.