MERTON VS. DOLPHIN, impleaded, etc.

*Assessment of city lots for taxation : by what plat to be made.*

1. Where city lots are assessed for taxation, not according to the legally recorded plat of the proprietors, but by some subsequent plat made and caused to be recorded by the city or some stranger, without the consent or knowledge of the owner, the assessment is invalid.
2. Payment of the taxes assessed upon *parts* of said lots described as *the whole* should have been described, in the assessment roll, must be treated as a payment of the *whole* tax upon the lots, the owner having, in good faith, so intended it; and no action can be maintained (under ch. 22, Laws of 1859) upon tax deeds of other parts thereof, assessed, sold and conveyed by an unauthorized description.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiff, holding certain tax deeds based upon delinquent taxes of 1864, of lands described therein as lots 18 and 19 in block 31 in the second ward of the city of Oshkosh, and being in possession of the lots, brought this action to foreclose the interest of the defendants therein. The defendant *Dolphin* answered, setting up paramount title, and denying that the lots were subject to taxation in said year. The court held that the lands in question were not liable to taxation for the year 1864, and rendered a judgment dismissing the complaint as to said defendant, and from that judgment the plaintiff appealed.

*Gabe Bouck*, for appellant, argued that the assessment of the lots in question for the year 1864, was regular (*City of Janesville v. Markoe*, 18 Wis., 350; *Finney v. Boyd*, 26 id., 366); and that even if the assessment was irregular, the land was subject to taxation, and the taxes were not paid, and therefore defend-

ant could not be heard in his defense without making the *deposit* required by law.

*Felker & Weisbrod*, for respondent.

DIXON, C. J. The defendant *Dolphin* is the owner of two lots designated as 9 and 10 in Mrs. Andrea's addition in the second ward of the city of Oshkosh. That addition was, as we understand it, regularly platted, and the plat acknowledged and recorded by the owner, Mrs. Andrea, in January, 1850. The defendant became the owner of the two lots by conveyance from Mrs. Andrea soon after the making and recording of the plat, and ever since that time has paid the taxes on the lots according to their numbers and description, as indicated by the plat. In 1853, C. A. Weisbrod made a plat of the second ward of Oshkosh, including the addition in question, which was adopted by the common council of the city, and which plat indicated a street, called Lake street, crossing the lots at right angles, and so dividing them as to leave about one-third of them upon one side of the street, and two-thirds upon the other.

In 1860, one Randall, the city surveyor, made a map of the second ward, which was then adopted by the common council, and recorded, and called Randall's New City Map ; which map indicated the street crossing the lots as upon the Weisbrod plat, but no change was yet made in the numbers of the lots as shown by the original plat of Mrs. Andrea. In 1863, however, the city surveyor, Palmer, acting under the supposed authority of the common council, made sundry alterations of Randall's map of the second ward recorded in the office of the register of deeds of the county, by subdividing some of the lots, and by numbering or renumbering on one side of Lake street, so called, the lots or parts of lots on that side as divided by the street and subdivided by him. Those alterations were made by lines and figures upon the recorded map itself in the register's office, and a certificate was thereto appended, signed by the city surveyor. By these various plats, maps and alterations, what was

originally and is now Mrs. Andrea's recorded addition of one block, with ten lots and no street passing through it, has become, according to the present official record or map, or that directed by the common council, a block intersected by a street and divided into lots numbered from 1 to 25, inclusive. According to this record or map, the defendant's lots 9 and 10, conveyed by Mrs. Andrea, are lots 9 and 10 on one side of Lake street, and lots 18 and 19 on the other side. Whether Lake street, so called on the map, has ever in fact been laid out and opened by the public authorities, or assented to or dedicated by any of the owners of lots, does not appear. Nor does it appear that the owners, or any of them, knew of or assented to the proceedings of Mr. Weisbrod, or either of the city surveyors, or knew of or assented to any act or resolution of the common council in the premises. It does appear, however, that the defendant was ignorant of those proceedings down to the year 1866, and that he has never recognized or given his assent to them, as valid. Immediately after the alteration of Randall's map by Palmer, the city authorities commenced the assessment and levy of taxes according to the numbers and description of lots therein contained, disregarding Mrs. Andrea's plat entirely; and the question in this case is upon the validity of such assessment and levy of taxes, so far as that portion of the defendant's lots are concerned which have been assessed under the new designation or description of lots numbered 18 and 19.

As already observed, the defendant has regularly paid all such taxes as have been assessed and levied upon lots numbered 9 and 10, and had no knowledge of any assessment of any part of the same lots by any other numbers or description, prior to 1866.

The question thus presented resolves itself, therefore, into a question of power on the part of the common council, the city surveyors, or any one else, to divide up the private property or land of a citizen into lots, and to make and record, or cause to be made and recorded, plats or maps thereof, without his priv-

ity, knowledge or consent, or in like manner to change the numbers, designation or description of his lots contained in a legally recorded plat, so as to authorize taxation according to the plats or maps so made, or the numbers, designation or description so changed. It has generally been supposed that no one but the owner or party in possession claiming title could do those things, and all our statutes and regulations of law upon the subject have been enacted upon the principle that it is and should remain optional with him to do or not to do them, as he chooses. If he wishes to divide his land into lots, and make and record a plat, the law prescribes the manner in which it shall be done; but we know of no compulsory regulation or arbitrary power by which he may be coerced, or others permitted to act for him and against his will. Counsel has pointed us to no such regulation or arbitrary power vested in the common council, or city surveyor, if indeed the same could be so vested. The injustice and danger of such power, if it existed and could be exercised without notice to the owner, are shown by the facts of this case, where, supposing the proceedings to have been authorized and proper, he would lose a portion of his land for the non-payment of a small tax, when he in good faith supposed and believed he had fully paid the taxes, and in truth he had so far as his knowledge or any proper means of information on his part extended. The injustice and wrong would be manifest, and the evil almost without remedy, if lands could be thus taxed by descriptions wholly unknown to the owner; and we do not think it can be done. For the purposes of assessment and taxation, we think the lots must be described according to the legally recorded plat of Mrs. Andrea, or by some appropriate reference to that plat, so that the situation and identity of the property taxed may be shown or readily ascertained from it. Where property is situated like the defendant's, it should be so described in the assessment roll as to indicate the lot or part of lot taxed according to Mrs. Andrea's plat; and if it is not so described, but by a totally different or foreign description, the assessment is void.

The cases of *Janesville v. Markoe*, 18 Wis., 356, and *Finney v. Boyd*, 26 Wis., 366, are plainly distinguishable. There the plats were not made by strangers, or mere intermeddlers, having no claim or color of title or authority, but by persons claiming to be the true owners, whose acts, well known to the parties having title, had not been repudiated, but acquiesced in and recognized by such parties.

These views are decisive of the present case. The plaintiff showed no cause of action, because the payment of taxes upon lots 9 and 10 was a payment of all taxes upon the lands of the defendant lawfully and properly so known and described ; and the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied.