## ASA H. DANFORTH *et al.*

*v.*

## ADAM MORRICAL *et al.*

1. PRE-EMPTION LAWS — *decision of proper officers as to sufficiency of proof under, conclusive.* The decision of the proper officers as to the aptness of time and sufficiency of proofs required in the several steps to perfect title to land from the government, under the pre-emption laws, in the absence of fraud, imposition or mistake shown by the party alleging it, is final and conclusive.

2. SAME—*when patent under, takes effect.* A patent upon a pre-emption settlement takes effect from the time of the settlement as disclosed in the declaratory statement and proofs of the settler to the register of the local land office.

3. SAME—*attempted adjudication by land officer.* Where a patent has been issued to a pre-emptor, and never recalled or vacated by the land department, an attempted adjudication by the register and receiver, and approval thereof by the commissioner of the general land office, can have no effect in a controversy in a court of equity between those claiming under the patent to the pre-emptor and a patent issued to another after the pre-emptor had made and filed his declaratory statement.

4. SAME—*opinion of land officer not binding on courts.* In a controversy between those claiming under a patent issued to a pre-emptor and one issued to a purchaser from the government after the declaratory statement of the pre-emptor is made and filed, and whilst the pre-emptor is in possession, the mere opinion of the register and receiver, or of the commissioner of the general land office, is not binding upon the court. In such cases, the courts, upon all the evidence adduced, should determine, from their own views of the law, the equities of the parties.

5. PATENT—*in conflict with prior paramount patent, void.* Where a patent is issued for land which is held by another patentee under a paramount right, it is void, and may be set aside in a court of equity at the suit of the person having the paramount right.

Appeal from the Circuit Court of Ford county; the Hon. Thomas F. Tipton, Judge, presiding.

Mr. A. B. Ives, and Messrs. McNulta, Aldrich & Kerrick, for the appellants.

Mr. Calvin H. Frew, for the appellees.

Mr. Justice Scholfield delivered the opinion of the Court:

Appellants seek, by their bill in the present case, to set aside the patent issued by the United States to Adam Morrical for the north-west quarter of section 12, in township 28 north, range 9 east, in Ford county. Appellees, Adam and Daniel Morrical, seek, by their cross-bill, to set aside the two patents issued by the United States to the appellants for the same land.

We think all objections to the regularity of the pre-emption and sufficiency of the proofs, before the register and receiver of the land office, by Adam Morrical, prior to the rehearing before the register and receiver granted on the application of appellants, are entirely outside of the case, and therefore demand no attention.

Appellants' bill, as shown by their abstracts, tacitly at least, concedes the regularity of the pre-emption of Adam Morrical, the action of the proper officers thereon and the issuing to him of a patent for the land, in all other respects than the *bona fides* of his residence for the requisite length of time and the sufficiency of the improvements on the land. In this respect, alone, appellants attempted to contest his right before the register and receiver, and in this respect, alone, their bill charges that his pre-emption, and, consequently, entry of the land, were fraudulent and illegal. Apart from this, moreover, it would seem that, on the authority of the previous rulings of this court and the rulings of the Supreme Court of the United States, the decision of the proper officers as to the aptness of time and sufficiency of proofs required in the several steps to perfect title to land from the government, under

the pre-emption laws, in the absence of fraud, imposition or mistake shown by the party alleging it, is final and conclusive. *McConnel* v. *Wilcox*, 1 Scam. 344; *Robbins* v. *Bunn et al.* 54 Ill. 48; *Johnson* v. *Towsley*, 13 Wallace, 72; *Warren* v. *Van Brunt*, 19 id. 646.

Adam Morrical took possession of the land on the 10th of September, 1855, and on the 26th of the same month he filed his declaratory statement, under the pre-emption laws, in the proper office. On the 26th of December, 1856, (the office at Danville, in the district whereof the land lies, having, meanwhile, been abolished and the records removed to the land office at Springfield,) he made his final proof and payment, and received a certificate from the register and receiver entitling him to a patent for the land, and, on the 6th of November, 1860, the patent was issued to him.

Appellants' private entry was made on the 30th of November, 1855, when, as the evidence shows, Adam Morrical was in the actual possession of the land as pre-emptor. A "patent upon a pre-emption settlement takes effect from the time of the settlement as disclosed in the declaratory statement and proofs of the settler to the register of the local land office (FIELD, J., in *Shepley et al.* v. *Cowan et al.* 91 U. S. 337); and, therefore, notwithstanding appellants' patent for the east half of the land was issued on the 10th of April, 1857, Adam Morrical's legal title is superior, unless it has been properly vacated; and appellants, having purchased with the notice afforded by his possession and the books of the land office, that Adam Morrical had a pre-emption claim upon the land, are without equity, unless they have shown that his pre-emption was fraudulent. We incline to the opinion that the patent having issued to Adam Morrical, and never been recalled or vacated by the land department, any attempted adjudication by the register and receiver, and approval thereof by the commissioner of the general land office, can have no effect upon the present inquiry. Had either of the patents not been issued, or, if issued, subsequently recalled and the entry vacated by them, the case would be entirely different; but their investigation and at-

tempted adjudication, in the present instance, was not followed by any official act affecting the title. It appears, indeed, that an order was made that the entry of Morrical be vacated, but this was not done, for the patent was subsequently issued to him, and it has never been recalled. The question is thus left to be determined by the courts, under which patent is the superior equity; and we know of no statute which, in such cases, makes the mere opinion of the register and receiver, or of the commissioner of the general land office, controling upon the courts. In such cases, it would seem, the courts, upon all the evidence adduced by the respective parties, should determine, from their own views of the law, the equities of the parties.

We think, however, that the rehearing of the question with reference to Morrical's pre-emption was lacking in one indispensable element to all judicial determinations. It was without notice to him.

The order for rehearing was made on the 28th of September, 1858—almost two years after Morrical had made his final proof of pre-emption, and payment, and received his certificate entitling him to a patent. He was then residing in Illinois, and it is not shown that he could not have been personally served with notice. He was served with no notice, and had no knowledge of the proceeding to vacate his entry. It is shown that notice was mailed to him at the post office nearest the land, and subsequently a notice to him was published in one of the Springfield papers. Ives, a witness and attorney for appellant, says this was the usual way of giving notice adopted at the Springfield office, but he fails to show any statute or regulation of the land department authorizing it. The following is the instruction of the commissioner of the general land office, addressed to registers and receivers, on this question, on the 15th of September, 1841, and we are not aware that it has ever been changed: "In case adverse claims shall be made to the same tract, each claimant must be notified of the time and place of taking testimony, and allowed the privilege of cross-examining the opposite witnesses, and of producing coun-

ter proof, which should also be subject to cross-examination.
\* \* \* \* The notice to adverse claimants should be in writing, and should be served in time to allow at least a day for every twenty miles the party may have to travel in going to the place of taking evidence." Had these officers, pursuant to this proceeding, withheld the issuing of a patent to Morrical, a court of equity would not have hesitated to declare their action illegal for want of jurisdiction over the person of Morrical.

The evidence in the record shows full compliance by Morrical with the pre-emption laws, in respect of his making a homestead and improvements on the land, and it follows that the patents issued to appellants were void.

Objection is taken to the form of the decree, because it is ordered that the patents be surrendered up, and canceled, etc. It is insisted that a patent can not be canceled, except in a suit at the instance of the United States, and that, instead of directing the cancelling of the patent, the decree should have been, that appellants convey, etc. Where a patent is issued for land which is held by another patentee under a paramount right, it is void, and may be set aside in a court of equity at the suit of the person having the paramount right. *Cunningham* v. *Ashley et al.* 14 Howard, 377; *Stoddard et al.* v. *Chambers*, 2 ib. 284. A conveyance could only be required where the patent vested the legal title in one, and the court finds, from the evidence, that, equitably, the title belongs to another. Here, however, in our opinion, both the legal and equitable titles were in Morrical; and appellants, therefore, could not strengthen it by conveying to him or his grantees. Their patents were clouds upon his title, however, and should be set aside.

The default of Rucker and Cornelius, and Cornelia Marr, cuts no figure in the case. They were simply grantors, intermediate Adam Morrical and the present owners of the property; and when it is determined appellants can have no decree against Adam Morrical or the present owners of the property, it is impossible there can be any substantial relief against them.

Technically, the decree *pro confesso* should, perhaps, have been set aside; still, the court was not obliged to grant any affirmative relief against them because of that decree, and, in the view we have expressed of the case, it would have been wrong to have done so.

We think substantial justice is done by the decree, and it will therefore be affirmed.

*Decree affirmed.*