Lutz, Respondent, vs. Compton, Appellant.

*September 27 — October 14, 1890.*

*(1) Vendor and purchaser of land: Inability to convey: Recovery of money paid: Tender of deed after action brought. (2) Evidence: Unrecorded plat.*

1. The vendor of land who had not the title thereto at the time specified in the contract for the conveyance, cannot defeat a recovery of the money paid on the contract by procuring title and tendering a conveyance after the commencement of the action.

2. An unrecorded plat of additions to a city may be admissible in evidence to prove the location and identity of a lot described in a contract for the sale thereof by reference to such plat.

APPEAL from the Circuit Court for *Wood* County.

The facts are sufficiently stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

*H. W. Remington,* for the appellant.

*Geo. L. Williams,* for the respondent.

Orton, J. This action is brought to recover the consideration money in part paid on a contract between the parties for the purchase of a lot in Neeves' first and second additions to the city of Grand Rapids, by the plaintiff of the defendant, on the grounds (1) that the defendant falsely represented that he owned the whole lot; and (2) that the defendant was unable to convey to the plaintiff said lot. The court ordered the jury to find a verdict for the plaintiff, presumably on both grounds. It was proved on the trial that the defendant had sold, before the contract was made, a strip off of said lot, of twenty by forty feet, and after the suit was commenced the defendant procured the title to said twenty by forty feet, and tendered a deed thereof to the plaintiff. That of course was too late to remedy the defect, for the plaintiff was entitled to a perfect deed of the whole lot when it was due according to the

contract, and the case must be tried on conditions existing at the time of the commencement of the suit. The defendant attempted to show title in himself of the whole lot, by certain tax deeds, but the description of the property in all of them was so uncertain and imperfect that it was impossible to locate it. The plaintiff introduced the plat of said additions, which had not been recorded. It was objected to by the defendant, but received in evidence. The error, if any, was cured by the defendant afterwards making use of the same plat, but it was admissible in evidence to prove the location and identity of the property. *Vilas v. Reynolds*, 6 Wis. 214; *Simmons v. Johnson*, 14 Wis. 523. The court properly directed a verdict for the plaintiff, at least on the second ground, and that was sufficient.

*By the Court.*— The judgment of the circuit court is affirmed.