F. A. CRANSTON, Appellant, v. J. S. McQUISTON, County Auditor; JOHN P. COOK, County Recorder; F. M. HUBBELL, Intervenor.

Auditor's plat: CONFLICT WITH OFFICIAL PLAT. An auditor's plat 1 for purposes of taxation, as provided in Code, section 923, should be made to show and correspond with the subdivisions

of a prior official plat which was of record, and by reference to which lands had been sold and conveyed.

**Record of auditor's plat.** An auditor's plat made simply for the purposes of taxation should be recorded in his office and not that of the recorder.

**Removal of cloud.** A court of equity has power to set aside an auditor's plat of lands already officially platted, which has been improperly recorded in the recorder's office and is in conflict with and appears to supersede the official plat, as a cloud upon the title to land situated therein.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

FRIDAY, MARCH 10, 1905.

ACTION in equity to set aside an auditor's plat of certain lots within the corporate limits of the city of Des Moines, on the ground that such plat was made without authority, and that it casts a cloud upon the title of plaintiff as owner of certain of the lots or tracts covered by such plat. Intervenor joins issue with plaintiff, and asks that plaintiff's petition be dismissed upon its merits. On the trial the petition was dismissed, and plaintiff appeals.— *Reversed.*

*Parrish, Dowell & Parrish,* for appellant.

*C. C. & C. L. Nourse,* for appellees.

McCLAIN, J.— In 1855 a plat of Mumma & Jacoby's Addition to Des Moines was duly approved and recorded in the recorder's office of Polk county. In 1899 the defendant J. S. McQuiston, county auditor, filed for record with defendant Cook, the county recorder, a plat including Mumma & Jacoby's Addition, with other lots and tracts of land adjoining it on the west. The second plat makes no reference to the first, and the subdivisions of the portion of the second plat which cover Mumma & Jacoby's Addition do not correspond with the subdivisions of the first plat. This lack of

correspondence is explained in the evidence by the fact that various changes had been made in streets, and exchanges of portions of various lots and tracts had been effected between the parties, so that the original plat was no longer a convenient means of ascertaining the boundaries of the various parcels, or of assessing them to their owners for taxation. An examination of the plats, as set out in the record, satisfies us that it is impossible from the plats themselves, without the assistance of an expert surveyor, to determine any substantial correspondence between them. Counsel seem to agree that as to one particular corner the plats do agree; but they are substantially dissimilar, and the difficulty urged is that it is impossible to locate a description based on the first plat by reference to the second. In other words, the owner of a lot whose deed refers to the original plat would be unable, so far as we can discover, to tell what lot or part of lot on the second plat belongs to him. This anomalous situation has resulted from the attempt of the county auditor to exercise the power given by Code, section 923, " to cause to be made and recorded, a plat " of any congressional subdivision of land of 40 acres or less, or any lot or subdivision " owned by two or more persons severally, the description of one or more of the different parts or parcels " of which " cannot in the judgment of the county auditor be made sufficiently certain and accurate for the purposes of assessment and taxation without noting the metes and bounds of the same."

We think the plat which was made by the auditor is not such a plat as is contemplated by this section. Where a tract has been subdivided by means of conveyances, and

1. AUDITOR'S PLAT: conflict with official plat. the owners have not made any plat of the tract, the auditor, no doubt, has authority to plat the tract into subdivisions corresponding in some way to the tracts owned by the several owners, for convenience in taxation; but even in such a case it is not contemplated that the plat shall serve as a basis for convey-

ances, although, no doubt, if conveyances were afterwards made with reference to such a plat, they might be sustained. But in this case the land covered by Mumma & Jacoby's Addition had already been officially platted by the owner, and that plat had furnished muniments of title for conveyances thus made with reference thereto. Now, it seems to us, in the first place, that even for the purposes of taxation the auditor's plat should have shown the subdivisions appearing by the Mumma & Jacoby plat, so that it could be determined from the new plat just what portions of any particular lots in the original plat were included in each subdivision of the new plat. Without some such correspondence between the two plats, we cannot see how the new plat can justly be regarded as a means for taxing property to the owners of the subdivisions shown by the original plat. *Merton v. Dolphin,* 28 Wis. 456.

In the second place, the auditor had no authority, under the section of the Code already cited, to record in the recorder's office a plat which superseded or appeared to super-

2. RECORD OF AUDITOR'S PLAT.

sede the original plat made by the owners of Mumma & Jacoby's Addition, and which could be referred to for purposes of conveying title. The direction is that the auditor shall "cause to be made and recorded" such a plat; but from this we understand that the plat is to be recorded in the auditor's office, and not in the recorder's office, where plats made by landowners, and intended to serve as the basis for conveyances, are to be recorded.

We reach the conclusion that the recording of this plat by the auditor, in the office of the recorder, was without authority of statute; and the only remaining question is

3. REMOVAL OF CLOUD.

whether, in the absence of any showing that plaintiff is injured by being deprived of any part of his property, he is entitled to equitable relief, in view of the evidence that no one is asserting any adverse title by virtue of the auditor's plat. But we think that a

court. of equity has authority to remove a cloud from plaintiff's title; that is, any conveyance, plat, or other muniment of title which is likely in the future to impose a burden upon plaintiff with reference to his title. As illustrating the exercise of such power by a court of equity, see *Danforth v. Morrical*, 84 Ill. 456; 2 Story, Equity Jurisprudence, section 826. It is clear that the new plat has introduced confusion and difficulty as to titles based on the original plat, and we think that any owner of property in the original plat is entitled to relief as against the danger to his title which has resulted from the recording in the recorder's office of the new plat.

The decree of the trial court dismissing plaintiff's petition is reversed, and the cause is remanded for relief to be given to plaintiff in accordance with the prayer of his petition, or the plaintiff may have a decree in this court if he so elects.— *Reversed.*