J. A. SCHEMMEL, Appellee, v. TOWN OF ALVORD, Appellant.

No. 40580.

APRIL 5, 1932.

Warren H. White, for appellee.

O. J. Reimers, for appellant.

DE GRAFF, J.—The real estate in question is situated within the corporate limits of the Town of Alvord, Lyon County, Iowa. The said land comprises approximately 52.5 acres, and as found by the trial court was owned, occupied, and used by the owner Schemmel in good faith solely for agricultural purposes. This property was platted into outlots, which term signifies acreage in each outlot greater in area than an ordinary city or town lot. In the instant case Outlot No. 13 contained 2.8 acres, No. 15, 11.98 acres, No. 16, 28.84 acres, No. 17, 6.48 acres, and that portion of No. 14 being the West 462 feet of said outlot contains approximately 2.47 acres, or a total of about 52.5 acres.

At the time the plat was made in 1904 the various lots included in the plat were owned by different persons, twelve in number, and the Auditor had a legal right to execute and file in his office such plat for the purpose of assessment and taxation. At the time this action was commenced, all the outlots in question were owned by the plaintiff Schemmel, and under the provisions of Section 6290 to 6293 inclusive, Code, 1927, Auditor's plats are given the same effect ''as if executed, acknowledged, and recorded by the owners;'' and the provisions for vacating such plat would come under Section 6284 of the Code, which is the provision for vacating any plat. Under the provisions of the present law, an Auditor can plat for assessment and taxation purposes only land owned by two or more persons; and the land in controversy being now owned by one person only, the Auditor could not subdivide it into lots. Under such circumstances, equity can properly vacate the plat in question.

The tax levied and assessed against said property for the year 1928, which was the year preceding the commencement of

this action, was in the sum of $353.97, or approximately $6.75 per acre. There are no streets or alleys or other public grounds owned by said town or county upon the Schemmel tract, and no other person or persons are shown to have any right of access over or across the land, which, as heretofore said, was platted in 1904 by the County Auditor into outlots. Furthermore, there is no city property on said tract sought to be vacated, such as electric lights, water mains, sidewalks, streets or alleys.

Plaintiff commenced this action under Section 6284 Code 1927 which reads as follows:

"Whenever the owners of any tract of land which has been platted into town lots, and the plat of which has been recorded, shall desire to vacate the plat or a part thereof, a petition, signed by all the owners of it or the part to be vacated, shall be filed in the office of the clerk of the district court of the county in which the land is situated, returnable at the ensuing term, and notice thereof given at least four weeks, by posting notices in three conspicuous places in the town where the vacation is prayed, and one upon the door of the courthouse of the county."

No question is raised as to the applicability of this statute to the case at bar, and we do not determine the point.

The record discloses that the statutory requirements as to notice were strictly observed by the plaintiff. Notice of hearing was posted in three places in the Town of Alvord and one on the front door of the Courthouse of Lyon County, Iowa, for four consecutive weeks following the first day of July 1929. The instant action was commenced for the August, 1929, term of the District Court of Iowa in and for Lyon County, which term convened on the 26th day of August 1929. Thereafter on the 10th day of September 1929, the same being one of the regular days of the August 1929 term of said court, an order was entered by the presiding Judge, Hon. B. F. Butler, directing the posting of a notice of a hearing on said petition, which order was in compliance with Section 6285 Code 1927 which reads as follows:

"At the term of court next following the filing of the petition and notice, the court shall fix a time for hearing the petition, and notice of the day so fixed shall be given by the clerk in some

newspaper published in the county at least one week before the day appointed for the hearing.''

It is shown that the Clerk published said notice of hearing on said petition.

The town of Alvord appeared as the only objector to the petition for the vacation of said outlots, and pleaded two defenses: (1) That the plat sought to be vacated was an Auditor's Plat and that the County Auditor had not been made a party to the action; (2) that it would be inequitable and unfair to the Town of Alvord to vacate said plat, so that said Town could not tax said property for light, water, and fire protection. Of these in their order.

The record discloses that the Auditor knew that this action had been commenced and knew before it was commenced that it would be commenced. The Auditor was a witness upon the trial and testified that he did not care whether the plat of the property here involved was vacated or not. It is clear that if the Auditor had desired to object he could have entered either a general or special appearance, and have called to the attention of the court that an Auditor's Plat was in question and that the Auditor was not in court. The Auditor was not a necessary party to the action.

The notice of petition for vacation of a portion of the plat of the Town of Alvord, Iowa, is addressed ''To Whom It May Concern,'' and recites that there is now on file in the office of the Clerk of the District Court of Lyon County, Iowa, the petition of J. A. Schemmel stating that he is the owner of certain outlots (specifically naming them) of the Town of Alvord; that said tract consists of about 52.47 acres used solely for agricultural purposes,—and further recites that said petition states that said outlots were platted in the year 1904 and that said plat was recorded on the 5th day of October 1904, and further states that said outlots ought to be vacated . The aforesaid notice further notified that said petition prays that the court enter a decree vacating the plat of said outlots and that said petition will come on for hearing at the next term of court to be held in the Courthouse at Rock Rapids, Iowa, commencing on the 26th day of August 1929, and that unless someone appears thereto

and objects, said plat of said outlots will be vacated in accordance with the prayer of said petition.

On the first day of July 1929 an affidavit was filed stating that the notice of petition for the vacation of the plat came into the hands of the affiant and that he posted the same in three public places in the Town of Alvord, Lyon County, Iowa, and posted the same on the front door of the Courthouse of Lyon County, Iowa, for four consecutive weeks next following the first day of July 1929. On the 10th day of September 1929 the trial court entered an order fixing the time and place of the hearing on the petition to vacate said plat, which order, *inter alia*, recited:

"Now, therefore, pursuant to Section 6285 Code 1927, October 28, 1929, at 2 o'clock P.M. in the Courthouse at Rock Rapids, Iowa, is hereby fixed as the time and place of hearing on said petition. It is further ordered that notice of said hearing shall be published in the Rock Rapids Reporter on the 19th day of September, 1929."

It is further shown that on the 19th day of September 1929 in compliance with the foregoing order of the court, notice of the hearing of said petition was published in the Rock Rapids Reporter, a newspaper published weekly in Rock Rapids, Lyon County, Iowa, and that said notice of hearing was addressed "To Whom it May Concern;" and stated the time and place of the hearing and that "notice is further given that at said time and place, J. A. Schemmel will be heard on the petition for the vacation of said plat. L. E. Walter, Clerk of the District Court of Lyon County, Iowa."

We now turn to the second defense pleaded by the objector-appellant, Town of Alvord. There is no merit in this defense. In the vacation of the plat, no rights of bondholders or the Town of Alvord or of the County Auditor have been cut off without a chance to be heard. It may further be said that the land in question was not assessed for water, light, and fire protection, except a portion of the outlots described in the plat. The Town of Alvord does not furnish any light for these outlots. The nearest fire hydrant is about 150 feet from the Schemmel property. Aside from this hydrant, which might be used for protection against fire, the Town furnishes the Schemmel

property with no water. It may not be questioned that the court may exercise a discretion in the matter of vacating a plat, except when the land sought to be vacated has streets or alleys or public grounds on or across the same. On the Schemmel land described as outlots on the plat to be vacated by the plaintiff, there is no town property. The statute (Section 6284) gives to the owner, under the circumstances of this case, the right to vacate the plat, provided there has been a strict compliance with the statutory method for so doing; and the trial court herein found and determined there had been a strict compliance. The court had jurisdiction over all the parties interested and of the subject matter. The appellant Town of Alvord contends that the appellee Schemmel has attempted to sever his platted property from the Town. It may be sufficient in reply thereto to say that this matter was not pleaded as a defense, and the question is first raised on this appeal.

It is argued by the appellant that the appellee in this action attempts a severance, and thereby violates the provisions of Section 5617 Code 1927. The aforesaid section is under Title XV, entitled City and Town Government, and the said section is found under Chapter 286, captioned "Incorporation." The said section (5617) has to do with severance of territory from any city or town, and provides that if the court finds that such territory or any part thereof shall be severed from any city or town, it shall thereupon appoint three disinterested persons as commissioners to examine into the matter and the equitable distribution of the assets and equitable assumption of the liabilities of such city or town which have accrued during the time such territory has been a part thereof, as between such city or town and the severed territory. This section of the Code of the Chapter aforesaid does not contemplate the action commenced by the plaintiff in the instant case. Appellant relies on Cranston v. McQuiston, 127 Iowa 104, but a reading of the opinion in that case shows clearly that the facts and the applicable law have no bearing on the case at bar.

In the Cranston case, supra, the error, as pointed out, was in the filing of the plat in the office of the County Recorder, which was not, under the law, then authorized. Under the present law, the plat *must be* recorded in the office of the County Recorder, and when so recorded it shall have the same effect as

if executed, acknowledged, and recorded by the owner. Section 6290 Code 1927. See, also, Town of Kenwood Park v. Leonard, 177 Iowa 337, relied upon by appellant.

We conclude, therefore, that the decree entered by the trial court was correct and must be—Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.