WILLIAM WINDOM *vs.* FRED. SCHUPPEL, impleaded, etc.

SAME *vs.* HENRY WAGNER, impleaded, etc.

June 25, 1888.

**Deed—Delivery—Presumption.**—Where an original deed is produced and offered in evidence at the trial by the grantee, in the absence of any other evidence the presumption is that it was delivered when executed.

**Adverse Claims—Action and Judgment against Grantor in Unrecorded Deed.**—The holders of a tax title brought an action under the statute against B., who appeared by the records to be the owner of the land in controversy at the time of the tax sale, and when the action was brought to determine his adverse claim, and obtained a judgment for such relief by default against him. B. had several years previously conveyed away

this land by warranty deed to W., but the latter did not record his deed till after such judgment. *Held* that, the judgment not being a lien or apparent lien upon the title or interest of B. in the land, the case was not within the recording act, and that W. was not bound by the judgment. As to him, it was *res inter alios*. *Johnson* v. *Robinson,* 20 Minn. 153, (170,) followed.

Actions to determine adverse claims to real property, brought in the district court for Hennepin county, and tried together by *Young,* J., who ordered judgment for plaintiff in each case. The defendant in each case appeals from an order refusing a new trial.

*A. D. Smith* and *Wilson & Lawrence,* for appellants.

*A. C. Brown,* for respondent.

VANDERBURGH, J. The defendants claim title, through certain mesne conveyances, to the land in question, under certain tax-certificates issued to Finnegan and Merritt. It is not, however, claimed that a valid title was acquired by the tax-certificates alone, but as confirmed by a judgment in favor of Finnegan and Merritt, barring the adverse claim of one Brigham, the grantor of the plaintiff. The plaintiff claims title to the same land under warranty deed executed by Brigham and wife, acknowledged on the 22d day of September, 1869, and dated on the 15th day of September, 1869, but not recorded until the 4th day of August, 1887. The tax-certificates were issued in 1877 and 1878.

1. The original deed, above described, was produced and offered in evidence by the plaintiff on the trial, against the objection of the defendants that a delivery thereof had not been proved. The deed was properly received. In the absence of any other evidence, the presumption is that it was delivered not later than the date of the acknowledgment. *Loomis* v. *Pingree,* 43 Me. 299; 1 Devl. Deeds, § 265, and cases. This presumption was, of course, subject to be disputed by other evidence; but, as none was offered, the conclusion of the trial court that the title passed from Brigham on the date last mentioned must be sustained.

2. The records offered in evidence by the defendants show that Finnegan and Merritt, the grantors of the defendants, while holding the tax-certificates, and claiming title thereunder, brought an action

against Brigham, in whom the title appeared of record, (and who was a non-resident,) as an adverse claimant, to quiet their title, in which action the summons was served by publication. Brigham did not appear, and afterwards, to wit, July 6, 1881, judgment was rendered in their favor, by which it was adjudged and decreed that the plaintiffs in that action, Finnegan and Merritt, were the owners of the land, and that the defendant "has no title or interest therein." Subsequently, and prior to the record of plaintiff's deed, the land was conveyed to the defendants, and their deeds duly recorded. The title passed from Brigham to plaintiff in 1869, but it is claimed that since the judgment against Brigham was obtained, and defendants' deeds recorded, before the record of plaintiff's outstanding deed, they are entitled to a priority. The case is not, however, within the recording acts. The question of superior diligence arises between parties claiming under a common grantor as the source of title, under conveyances or judgments by means of which title may be acquired. A tax deed, if valid, is a new title,—an independent grant from the sovereignty, which bars all other titles or equities, whether of record or otherwise. The object of the suit of Finnegan & Merritt against Brigham was not to obtain any lien upon the land, or to acquire his title, but to have their tax title judicially confirmed and his title barred. All persons claiming under Brigham, subsequent to *lis pendens* filed in that action, would be barred by the judgment, (Gen. St. 1878, *c.* 75, § 34,) but persons claiming under a prior conveyance, though not recorded until after the filing of *lis pendens,* would not be affected by the suit or judgment. *Johnson* v. *Robinson,* 20 Minn. 153, (170;) *Jorgenson* v. *Minn. & St. Louis Ry. Co.,* 25 Minn. 206. As to prior grantees, such judgment was *res inter alios.* It is not necessary to consider what the effect of this judgment would have been had the plaintiff proceeded against unknown claimants as well as against Brigham, under·Laws 1881, Ex. Sess., *c.* 81.

Prior to the statutes of 1858, a conveyance by deed or mortgage, though unrecorded, was preferred to a subsequent judgment, though the deed of a *bona fide* purchaser upon execution sale was within the recording act, and, if first recorded, took preference over such unrecorded conveyance. 4 Kent, Comm. *173. The amendment of 1858

was intended to change the pre-existing rule, and give a like preference to the liens of judgments and attachments, as respects a title appearing of record, over an unrecorded conveyance. The statute is intended to apply to judgments under which a lien, general or specific, upon the land is thereby acquired or given, and does not refer to judgments like the one in question barring adverse claims. Neither the judgment nor the deeds under which defendants claim were constructive notice to the plaintiff. And, as they do not claim title from Brigham, plaintiff was not bound to record his deed in order to protect himself as against adverse parties claiming under an independent title. His failure to record his deed before the judgment in the Brigham suit or the defendants' purchase works no estoppel against the assertion of his title. If, however, the defendants have entered into possession in good faith, under color of title, doubtless they will be entitled to assert their rights under the occupying claimants' act, (Gen. St. 1878, c. 75, § 15,) before they can be evicted from the premises. *Sanborn* v. *Mueller*, 38 Minn. 27, (35 N. W. Rep. 666;) *Jewell* v. *Truhn*, 38 Minn. 433, (38 N. W. Rep. 106.)

3. The plaintiff alleges title and that the premises are unoccupied. The defendants take issue with these allegations, and allege possession, and ask affirmative relief. The defendants thereby invoke the aid of the court under the issues as presented, and waive all objections to the form of the action. The motion to dismiss upon the pleadings was therefore properly denied. *Hooper* v. *Henry*, 31 Minn. 264, (17 N. W. Rep. 476.)

Order affirmed.