R. H. ABRAHAM *vs.* ROBERT HOLLOWAY. (2d Case.)

July 2, 1889.

**Redemption from Execution Sale.**—*Abraham* v. *Holloway, supra,* p. 156, followed.

**Adverse Claims—Statutory Action Tried as a Bill to Redeem.**—While an action under the statute to determine adverse claims to vacant land cannot properly be converted into an action in the nature of a suit in equity to redeem, yet, if such a departure is made, and the cause tried without proper objection, the defendant cannot afterwards avoid the adjudication.

Appeal by defendant from an order of the district court for Becker county, refusing a new trial after a trial by *Mills*, J., without a jury.

*Wm. B. McIntyre, I. M. Kirkpatrick,* and *E. W. Rossman,* for appellant.

*Kitchel, Cohen & Shaw,* for respondent.

DICKINSON, J. This action is of the same nature as that of *Abraham* v. *Holloway, supra,* p. 156, just decided in this court. The statement of the facts embodied in the opinion in that case is sufficient for the purposes of this. This action relates to section 5 only, which was purchased by Holloway at his execution sale, but which was not embraced in the Hawley judgment sale. Hence the rights here in question depend upon the effect of the plaintiff's attempted redemption from the Holloway sale. The land is vacant. The plaintiff, at the time of the commencement of this action, had not the legal title. He was in the position of one who, having a right to redeem, had done all that was incumbent upon him in order to do so, and who might have proceeded, in the form of a suit to redeem, to enforce by action his right of redemption, and thereby acquire the legal title. The defendant could not have been compelled to litigate in this action, as upon a bill in equity to redeem, such equitable rights of the plaintiff. But, on the other hand, if the defendant has, without objection, litigated the issues here presented, seeking in this action a determination supporting his claim of title, and adjudging that the

plaintiff had no interest in the property, he cannot now avoid the adjudication upon the issues presented. *Hooper* v. *Henry*, 31 Minn. 264, (17 N. W. Rep. 476;) *Windom* v. *Schuppel*, 39 Minn. 35, (38 N. W. Rep. 757.)

The defendant, in his answer, asserted title in himself, set up the manner in which he had acquired title through the judgment and execution sale to himself, and prayed that it be adjudged that he was the owner, and that the plaintiff had no interest in the land. The plaintiff, replying, set forth the facts (which are particularly stated in our opinion in *Abraham* v. *Holloway*, above referred to) as to the plaintiff's attempted redemption from the defendant's execution sale on the 6th of November, the refusal of the clerk, at the instance of the defendant, to accept the tender, and the plaintiff's willingness to pay the money necessary for redemption. The defendant moved for judgment in his favor on the pleadings, which was denied; but he did not, as he might have done upon the coming in of the reply, move to have this action dismissed. Again, after the plaintiff had rested his case, the defendant moved for judgment "as prayed for in the answer," upon the ground that the plaintiff had not shown title in himself. The case has been tried and determined as though it were an action to redeem, without any proper objection upon the ground of the departure, and the defendant cannot now avoid the adjudication.

As to the merits of the case it is unnecessary to add anything to what was said in the opinion in the other case.

Order affirmed.

NOTE. A motion for reargument of this case was denied July 16, 1889.