FRANCIS G. BURKE *vs.* HENRY C. LACOCK and others.

July 15, 1889.

**Foreclosure by Advertisement—Sheriff's Certificate as Evidence.—** Under Laws 1883, c. 112, a sheriff's certificate of sale, made under a power of sale in a mortgage, is *prima facie* evidence that all the requirements of law in the exercise of the power, (including publication of the notice of sale,) were complied with. The act is applicable to certificates made prior to the enactment of Laws 1862, c. 19, as well as those made thereafter. The term "sheriff's certificate" includes those executed by deputy-sheriffs.

Same—Nature and Operation of Laws 1883, *c.* 112.—The act in ques·
tion is merely one changing the rules of evidence, which it was compe·
tent for the legislature to pass, and to make applicable, in future trials,
to existing causes of action.

This action was brought in the district court for Meeker county,
and was tried by *C. L. Brown,* J., acting for the judge of the 12th·
district. The defendants (successors in interest to Abner P. Lacock,
the original defendant, who died pending the action) appeal from an
order refusing a new trial.

*J. Guilford,* for appellants.

*Francis G. Burke,* respondent, *pro se.*

MITCHELL, J. This was an action under the statute to determine
adverse claims to real estate of which plaintiff alleges he is the
owner in fee, and which he also alleges is vacant and unoccupied.
The defendants deny plaintiff's title, allege that they are the owners
in fee and in the actual possession of the premises, and ask that the
property be adjudged theirs, free from any claim of the plaintiff.
This assertion of title, and demand for affirmative relief on part of
the defendants, rendered immaterial the question whether the prem-
ises were or were not vacant and unoccupied. *Hooper* v. *Henry,* 31
Minn. 264, (17 N. W. Rep. 476;) *Windom* v. *Schuppel,* 39 Minn.
35, (38 N. W. Rep. 757.)

Both parties claim through one Ellis, the original patentee,—the
plaintiff under a deed from Ellis, dated June 27, 1857, recorded July
29, 1857, and the defendants under the foreclosure of a mortgage
with a power of sale, executed by Ellis to one Bausman, dated June
27, 1857, and recorded July 3, 1857. Inasmuch as this mortgage,
if duly foreclosed, would cut out plaintiff's title, the whole case turns
upon the sufficiency of the proof of foreclosure. In support of their
title the defendants introduced in evidence—*First,* the record of the
mortgage; and, *second,* a certificate of sale (set out in the second find-
ing of fact) executed under seal by one Hoyt, as deputy-sheriff of
Meeker county, (where the premises were situated,) certifying that,
by virtue of the power of sale contained in the mortgage, he had sold
at public auction, on October 25, 1858, at 10 A. M., at the front door
of the land-office in Forest City, in said county, the land described in

the mortgage, to Bausman, the mortgagee, for $280.27, he being the highest bidder, and that being the highest sum bidden therefor. This certificate was executed in accordance with the statute then in force, (Rev. St. 1851, c. 85, § 10; Pub. St. 1858, c. 75, § 10,) and was filed in the office of the register of deeds on the 16th of November, 1858. ·This was all the evidence offered by defendants to prove the foreclosure, and no rebutting evidence was offered by the plaintiff, except that no affidavits of publication or sale were to be found on record in the register of deeds' office.   Defendants did introduce a deed from one Atkinson, as sheriff, to Bausman, executed in January, 1863, which contained a recital (proved to be false) that the notice of sale had been published in the St. Cloud Democrat, a newspaper published in the adjoining county of Stearns; but this was wholly irrelevant and immaterial, for the reason, among others, that, having been executed over three years after Bausman had conveyed away all interest in the land; it was *res inter alios acta*, and its recitals could have no force as evidence in an action between these parties.   Moreover, as it was admitted on the trial that there was no newspaper printed or published in Meeker county in 1858, and that chapter 96, Laws 1858, (Pub. St. 1858, c. 75, § 4,) was not published, and hence did not take effect, until October 1, 1858, (Pub. St. 1858, c. 3, § 3,) the notice of a sale to take place October 25, 1858, could only have been published in a newspaper at the seat of government.   Rev. St. 1851, c. 85, § 4.

Without entering into the consideration of the question discussed somewhat by counsel,—what presumptions, if any, would obtain independently of statute, in view of the lapse of time?—we are clearly of opinion that under the provisions of chapter 112, Laws 1883, the certificate of sale, preceded as it was by evidence of the record of the mortgage containing a power of sale, was *prima facie* evidence that all the requirements of law in the exercise of the power, (including due publication of the notice of sale,) had been duly complied with, and established, *prima facie*, title in fee thereunder in defendants, as the assignees of the purchaser at the sale.   This act provides "that the sheriff's certificate of any sale heretofore or hereafter made under a power to sell contained in a mortgage, shall be *prima facie* evidence

that all the requirements of law in that behalf have been duly complied with, and *prima facie* evidence of title in fee thereunder in the purchaser at such sale, his heirs or assigns, after the time for redemption therefrom has expired." It also contains a limitation of the time within which actions calling in question the validity of such sales, on account of certain defects, shall be brought; and, doubtless in view of this, it is provided that the act should not take effect until the first of the following September,—six months after its passage. But with this limitation we have no occasion to deal in the present case.

The argument of plaintiff may be all summed up in two propositions: (1) The statute does not cover the case; but, if it does, then (2) it is unconstitutional. Upon the first proposition it would seem that nothing more need be said than to cite the language of the statute itself. No argument, however specious, can wipe out the text of the law, that "the sheriff's certificate of any sale heretofore or hereafter made under a power to sell contained in a mortgage shall be *prima facie* evidence," etc. Plaintiff's line of argument is in substance this: The act does not apply to certificates executed by deputy-sheriffs, nor to certificates executed prior to the passage of chapter 19, Laws 1862; that it can only apply to those executed since that date, which operate as a conveyance at the expiration of the time of redemption, and which contain apt and operative words of conveyance; that the act does not purport to make, and could not make, a certificate *prima facie* evidence of any other facts than those contained in its own recitals.

The law authorizes a deputy-sheriff, as such, to make the sale; and consequently, when he does so, it is proper for him to execute the certificate in his own name as deputy-sheriff. His certificate stands on the same footing, and has the same force and effect, as that of the principal sheriff. Both are, in popular language, known and called "sheriffs' certificates;" both are equally within the purview of the act of 1883, the same reasons existing why the one should be made *prima facie* evidence of a valid sale under the power as the other; and in the term "sheriff's certificate," the legislature evidently intended to include both. The language of the act will not admit of

its application being limited to certificates executed since 1862, nor is there any reason in the nature of things why it should be. The only difference between certificates of sale executed before and since that date is in the manner of their execution, and that those under the former law contemplated, where the sale was made to a person other than the mortgagee, that at the expiration of the time of redemption the purchaser should receive a deed as the permanent evidence of his title. But both classes of certificates contained the same recitals or statements of fact, limited in both cases to the acts of the officer at the sale, and neither contained, nor was required to contain, any recitals of facts preceding the sale, such as the publication of the notice; and the one contained no more "apt or operative words of conveyance" than the other. Under the former, the deed, at the expiration of the redemption, was necessary "to complete the sale" only in the sense that it was to be final and permanent evidence of the fact of the sale, and of the title of the purchaser thereunder. The purchase at the sale would, upon the expiration of the time of redemption, vest the purchaser with, at least, the absolute equitable title, even without the execution of a deed. In case the purchase was made by the mortgagee no deed was necessary. Rev. St. 1851, c. 85, § 19. The title of the purchaser relates back to, and takes effect by virtue of, the mortgage, which is, in fact, the efficient instrument by which the title is transferred from the mortgagor to the purchaser.

To the suggestion that the act does not purport to make, and could not make, the certificate *prima facie* evidence of any facts other than those contained in its own recitals, it is sufficient answer to say that such is not the language of the act, and that there is no such limitation to the power of the legislature as that suggested. If the legislature saw fit to make the certificate presumptive evidence of the existence of all prior acts or facts necessary to a valid exercise of the power under which the sale was made, although their existence was not recited in the certificate, it was entirely competent for them to do so; and numerous examples of similar legislation—as, for instance, the case of certificates of sales on tax judgments—can be found, the validity of which has never been successfully questioned.

It is suggested that the official character of the person who executed the certificate was not.proved. In this state a deputy-sheriff is, and was in 1858, a public officer whose appointment and oath of office are filed and recorded in the office of the register of deeds. Rev. St. 1851, c. 8, art. 4, § 5, and Pub. St. 1858, c. 7, § 51. Hence courts will take judicial notice of their appointment and official character.

2. The argument in support of plaintiff's proposition that the law, if thus construed, would be unconstitutional, is that it would be "an attempt to create and manufacture retroactively a title in fee-simple, and to declare a dead mortgage to have been foreclosed, without evidence tending to establish.it, and against truth, and as an attempt to usurp judicial functions, and to deprive a man of his property without his consent or due process of law, and in violation of contract, and without any evidence, justice, or equity whatever." This is a formidable bill of indictment, but the plea to it is, "Not Guilty." The act neither does nor attempts to do any of these things. It is simply a law changing the rules of evidence. Its object, and the causes which led to its enactment, are obvious. Proof of publication of the notice of sale, and of the fact of the sale, might be made and preserved in the form of affidavits placed on record; but this was not necessary, as they were no part of the title. It is a notorious fact that often, and especially in early days, this was not done; hence, after the lapse of years, owing to the death of those who performed the acts, the loss of newspaper files, and other causes, it is frequently difficult to produce positive and direct evidence of acts or facts preceding the sale; therefore, the legislature, with the very laudable purpose of preventing, as far as possible, the overturning of titles through the loss of such proofs, stepped in and changed the rule of evidence, by declaring that the sheriff's certificate of sale under a power in a mortgage should be *prima facie* evidence of the existence of all these prerequisites, and *prima facie* evidence of title thereunder in the purchaser at the sale. This merely shifted the burden of proof upon the party attacking the validity of the sale. It can hardly require either argument or the citation of authorities to show that it was entirely competent for the legislature to do this. A

person has no vested right to have his controversies determined by existing rules of evidence. These rules pertain to the remedy; and generally, in legal contemplation, they neither enter into nor constitute a part of any contract, or of the essence of any right which a party may seek to enforce. Like other rules affecting the remedy they are at all times subject to modification and control by the legislature. While it has no power, under the pretence of regulating the presentation of evidence, to establish rules which would preclude a party from presenting his proofs and exhibiting his rights, yet what shall be evidence, and which party shall assume the burden of proof, in civil actions, is practically in the unrestricted power of the legislature, so long as its regulations are impartial and uniform. Such changes in the rules of evidence may be applied to existing causes of action, and, if so, are not in any proper sense retroactive. They are merely rules to govern the presentation of evidence in future trials.

Our conclusion, therefore, is that the record of the mortgage with a power of sale, and the certificate of sale, made out *prima facie* title in the defendant under the foreclosure, and consequently that the findings of fact are not justified by the evidence.

Order reversed.