ORLANDO H. FREEMAN and Others v. CHILDREN'S ENDOWMENT SOCIETY and Another.[4]

January 8, 1896.

Nos. 9817—(183).

**Insolvent Corporation—Allowance of Claims—Appeal.**

In an action against a corporation to wind up its affairs, under the provisions of G. S. 1894, c. 76, the court, by its judgment, directed the basis and order for allowing and paying claims against the corporation, and a creditor became a party to the action, submitted his claim to the court for

3 60 Minn. 100, 61 N. W. 814.          4 Reported in 65 N. W. 626.

allowance, and, from an order disallowing it in part, he appealed. *Held*, that the only question for review on his appeal was whether his claim was allowed in accordance with the provisions of the judgment in that respect, and that it was so adjusted. *Held*, further, that, if such provisions are erroneous, his remedy was to move the court to vacate or modify them, and, if the motion was denied, appeal from the order.

Appeal by Andrew Alstrom from an order of the district court for Hennepin county, Russell, J., disallowing his claim against defendant society except as allowed by defendant receiver.    Affirmed.

*W. D. Taylor*, for appellant.

*Charles B. Holmes* and *Freeman P. Lane*, for respondent.

START, C. J.    The Children's Endowment Society of Minneapolis is a corporation organized under the laws of this state for the purpose of endowing children with a sum of money, to be paid from an endowment fund when they arrive at certain specified ages.    On January 8, 1890, the society issued to the appellant, Alstrom, three certificates of membership therein for the aggregate sum of $1,-100.25, which would mature January 12, 1894, upon which he paid, prior to January 3, 1894, all premiums due or to become due, amounting, in the aggregate, to the sum of $430.50.    The society on January 3, 1894, duly made an assignment for the benefit of its creditors, under the insolvency laws of the state, to Leslie C. Lane, who qualified and entered upon his duties as such assignee.    On January 24, 1894, this action was commenced by the plaintiffs, who were creditors, in the district court of Hennepin county against the society and the assignee, under the provisions of G. S. 1894, c. 76, and on January 27, 1894, the court made its order enjoining the corporation from doing any further business, and appointing the assignee as temporary receiver of the corporation, and directing the assignee to turn over the entire matter of his trust to the receiver.    The receiver qualified, and entered upon the discharge of his trust as such.

This case was tried in the district court, and its findings of fact and conclusions of law filed on June 25, 1894, wherein the trial court found, among other facts, that the society made the assignment, to which we have referred, to the defendant Lane on January 3, 1894, and that from and after such assignment the society abandoned its business of endowment insurance.    The second, third,

and fourth conclusions of law of the trial court were in these words: "Second. That out of the funds on hand now in possession of the receiver, there shall first be paid the indebtedness of said society other than matured certificates of shares outstanding on January 3, 1894, amounting to fifteen hundred and seventy-two and $^{11}/_{100}$ ($1,572.11) dollars. Third. That out of said funds on hand there shall next be paid the indebtedness of said society arising upon matured certificates of shares at and prior to January 3, 1894, then outstanding, amounting to fourteen hundred and sixty and $^{75}/_{100}$ dollars ($1,460.75). Fourth. That the remainder of said funds and securities, after paying said indebtedness above specified, be divided among the holders of the certificates of shares in force on said January 3, 1894, pro rata, according to the amounts contributed by them, respectively." The temporary receiver was continued as permanent receiver, and judgment ordered in accordance with the conclusions of law of the court. The judgment was so entered July 3, 1894.

The appellant, on June 29, 1894, duly filed his petition to be made a party to this action, and asserted a claim against the society for the sum of $1,100.25, the aggregate amount of his certificates or policies at maturity. The receiver allowed his claim in the sum of $430.50, and disallowed the balance thereof. The matter was then submitted to the district court, which, by its order of April 5, 1895, disallowed the appellant's claim, except as allowed by the receiver, and from such order he appealed.

It is unnecessary for us to discuss or decide whether the rights of the appellant are to be given effect as of the date of the assignment (January 3), or as of the date of the appointment of a temporary receiver (January 27), for the appellant is a party to this action, and bound by the judgment of the district court, providing for the marshaling of the assets of the corporation, and the basis and order for adjusting and paying claims against it. If any part of this judgment is erroneous as to any creditor or member who has become a party to the action, his remedy is to move the court to vacate or modify such part of the judgment; but, so long as the judgment remains unreversed and unmodified, its provisions as to the allowance and payment of claims are binding upon the court, the receiver, and creditors who present their claims for allowance.

Therefore, upon this appeal from the order of the court disallowing his claim in part, the only question open to the appellant for review is whether or not, under the provisions of the judgment, his whole claim should have been allowed. Hospes v. Northwestern Mnfg. & Car Co., 41 Minn. 256, 43 N. W. 180.

The appellant's certificates had not matured on January 3, 1894, and his claim falls within the class provided for by the fourth conclusion of law of the trial court which we have quoted, and is to be paid "pro rata, according to the amounts contributed." The amount contributed by him was $430.50, which is the amount allowed on his claim by the order appealed from. Hence his claim was adjusted in exact accordance with the directions of the judgment in this case.

Order affirmed.