ORRIN KIPP v. E. HAGMAN and Another.

June 14, 1898.

Nos. 11,060—(147).

Action to Test Tax Title—Allegation of Title in Defendant and Pray-
er for Affirmative Relief—Waiver of Proof of Vacancy.

In an action under the statute to determine adverse claims under
alleged tax titles, the defendants in their answers alleged title in them-
selves and demanded affirmative relief. *Held*, they thereby waived any
proof under the allegation of the complaint that the land is vacant and
unoccupied.

Appeal by plaintiff as administrator of the estate of Edward Put-
nam, deceased, from a judgment of the district court for Chisago
county, dismissing the action, entered in pursuance of the order of
Crosby, J. Reversed.

*S. & O. Kipp*, for appellant.

*P. H. Stolberg*, for respondents.

CANTY, J.

Plaintiff brought this action under G. S. 1894, § 5821, as amend-
ed by Laws 1897, c. 266, to test the validity of tax titles by and
through which he alleges defendants claim some title and interest
adverse to the plaintiff in the land in question. It is further al-
leged in the complaint that the land is vacant and unoccupied. The
defendants in their answers set forth their claims of title under cer-
tain tax proceedings, and ask judgment adjudging that they are
the owners of the land. On the trial plaintiff proved a chain of title
from the United States to himself, and rested, without proving that
the land was vacant and unoccupied when the action was com-
menced. Thereupon defendants moved to dismiss, the motion was
granted, and from the judgment entered thereon plaintiff appeals.

It has often been held that where the defendant, in an ordinary
statutory action to determine adverse claims, alleges title in him-
self, and demands affirmative relief against the plaintiff, it is not
necessary for the plaintiff to prove the allegation of his complaint
that the land is vacant and unoccupied, or that he is in possession,
as the case may be. Mitchell v. McFarland, 47 Minn. 535, 50 N. W.

610; Burke v. Lacock, 41 Minn. 250, 42 N. W. 1016; Windom v. Schuppel, 39 Minn. 35, 38 N. W. 757; Hooper v. Henry, 31 Minn. 264, 17 N. W. 476. We see no reason why the same principle should not apply in an action to determine adverse claims under alleged tax titles. In answer to this, counsel for respondents states:

"Defendants waive nothing by pleading title in themselves and asking affirmative relief, as in this form of action they cannot be adjudged to be the owners of the land."

We are clearly of the opinion that such a counterclaim is a proper one in this form of action. We are also of the opinion that, by pleading it, defendants waived proof, under the allegations in plaintiff's complaint, that the land is vacant and unoccupied, and that, therefore, the court erred in dismissing the action when plaintiff rested.

Judgment reversed, and a new trial granted.