[No. 16173. Department Two. March 10, 1921.]

GEORGE W. TYLER et al., Respondents, v. A. P. CASEY et al., Appellants.[1]

VENDOR AND PURCHASER (43)—MODIFICATION OR RESCISSION OF CONTRACT—BY SUBSEQUENT AGREEMENT. A modification of contracts to purchase land is not shown where the contracts had been forfeited, the new contracts were not signed, and the modification was stoutly denied.

QUIETING TITLE (3)—ACTIONS AND DEFENSES—CLOUD ON TITLE. Contracts for the purchase of land, placed on record, which had been forfeited for default in payments, and a quitclaim deed by the purchaser, constitute a cloud on the title, authorizing a suit to quiet title.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered July 11, 1919,

[1]Reported in 195 Pac. 1042.

upon findings in favor of the plaintiffs, after a trial to the court on the merits, in an action to quiet title. Affirmed.

*Kelleran & Hannan* and *John T. Casey,* for appellants.

*R. F. Dotch* and *Ben S. Sawyer,* for respondents.

MOUNT, J.—This action was brought by the plaintiffs, George W. Tyler and wife, against A. P. Casey, W. L. Bullis and a number of others, to quiet title in the plaintiffs to certain real estate in Thurston county. All the defendants except Casey and Bullis defaulted. Upon issues joined, the case was tried to the court without a jury, and resulted in findings in favor of the plaintiffs and a judgment quieting title to the real estate in the plaintiffs. The defendants Casey and Bullis have appealed from that judgment.

The record is somewhat involved, but the facts may be briefly stated as follows: In the year 1911, respondents, being the owners of two hundred and forty acres of land, agreed to sell this land in three parcels to a corporation known as the Planters Nursery Company. Written contracts to that effect were entered into and placed of record. Under these contracts, the Planters Nursery Company were authorized to sell the lands in small tracts of ten, twenty, and forty acres. Contracts were to be executed to the purchasers of the small tracts and, when payments were completed, deeds were to be executed by Tyler and wife to these purchasers. During the years 1911, 1912, and 1913, certain of these ten acre tracts were sold. Messrs. Casey and Bullis were apparently the selling agents of the nursery company. These tracts were sold at one hundred and twenty-five dollars per acre, sixty-two and one-half dollars an acre being paid to the respondents, and sixty-two and one-half dollars an acre being

reserved to the nursery company and their selling agents.

In the year 1913, the nursery company defaulted in their contracts with the respondents and notice of forfeiture was given and the original contracts were forfeited. Thereupon the appellants Casey and Bullis attempted to obtain contracts from the respondents similar to the contracts which had theretofore existed between the respondents and the nursery company. Written contracts were drawn but were never executed by the respondents and the appellants Casey and Bullis. Casey and Bullis, however, obtained a quitclaim deed from the nursery company and apparently after that time, sold a few of the ten acre tracts so that altogether twelve ten acre tracts were finally sold and contracts were made therefor, and these contracts were carried out between the respondents and the purchasers. Casey and Bullis thereafter did nothing until the year 1918, when this action was begun by the respondents.

At the trial of the case, the appellants claimed that the written contracts, which had been prepared but which had not been signed, were modified so that the moneys which had been paid by the nursery company should be credited to Casey and Bullis upon their subsequent contract. The respondents stoutly denied that any such modification was agreed upon. The appellants claim that, under the contract which was entered into between themselves and respondents, when ten thousand dollars had been paid to respondents, respondents were required to make a deed of one hundred and sixty acres of the land in question to Casey and Bullis, and it is argued that ten thousand dollars has been paid to respondents by the purchase of the twelve tracts of ten acres each by the purchasers of these small tracts. In order to maintain this position,

it devolved upon the appellants to show that the ten acre tracts which were sold by the nursery company should be credited to their account. This was a question of fact which was disputed in the case. The trial court was of the opinion that a modification of the contract to that effect had not been agreed upon, and therefore refused to allow credit for the amount of the sales made by the nursery company.

We are satisfied upon the evidence that the trial court was correct in his conclusion upon this question. We think it is plain from all the evidence in the case that the respondents, after forfeiting the contract with the nursery company, refused to agree that any of the sales of the nursery company should be credited to these appellants.

We are also satisfied from all the evidence in the case that respondents did not enter into the contract under which appellants now claim, because that contract was never agreed upon between the parties. The appellants abandoned the contract as written and which they refused to sign and did not thereafter attempt to carry it into execution, except for the few sales which were made shortly after that time and for which they received their commissions upon the sales.

We are satisfied, also, that the trial court properly concluded that the contracts, which were placed of record, and the deed which was executed by the nursery company to the appellants, constituted a cloud upon the title of respondents' property, and properly held that the appellants had no interest in the real estate. In view of these conclusions, it is not necessary to consider the specific assignments of error.

The judgment appealed from is therefore affirmed.

PARKER, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.