## Goldstein et ux. v. Markovitz et ux., Appellant.

*Vendor and vendee—Agreement of sale—Cloud on title—Possession—Assignment of lease—Settlement—Method of settlement—Equity—Cross-bill—Jurisdiction—Specific performance.*

1. Equity has jurisdiction to remove a cloud upon a title caused by recording an agreement of sale.

2. Where an agreement of sale specified that possession is to be given by the assignment of a lease, the vendor is not required to deliver absolute possession, but only to assign the lease.

3. A vendor is not required, in advance of the time fixed for a settlement, to notify the vendee of the method by which he intends to comply with the agreement of sale. It is sufficient if at the time and place of settlement he is prepared to carry out the agreement according to its terms.

Argued October 12, 1922. Appeal, No. 178, Oct. T., 1922, by defendants, from decree of C. P. Allegheny Co.,

July T., 1921, No. 2803, on bill in equity, in case of Hyman Goldstein and Rosie Goldstein v. William Markovitz et ux. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for cancellation of agreement in writing; cross-bill for specific performance. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs, cross-bill dismissed. Defendant's appealed.

*Error assigned,* inter alia, was decree, quoting it.

*L. C. Barton,* for appellants.

*Max J. Spann,* with him *Aronson & Aronson,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1923:

By a written agreement appellees contracted to sell, and appellants to buy, a property in the City of Pittsburgh, settlement to be made on or before March 15, 1921, the title to be taken subject to a lease expiring April 1, 1921. The term of this lease, as drawn, extended beyond that date, but, before the time fixed for settlement, the tenant had, in writing, surrendered all of the term after April 1, 1921.

On March 15, 1921, appellees were at the place fixed, ready to carry out the terms and conditions of their contract, but appellants did not come. The parties then agreed to make settlement on March 28, 1921; again appellees appeared and appellants did not. The next day, appellees duly tendered the necessary papers and requested settlement; but appellants refused to make it, and caused the agreement of sale to be recorded.

Their claim now is that they were not informed of the surrender of the balance of the tenant's term; but since

appellees were only required to be ready, as they were, to make settlement as prescribed by the agreement, and appellants also were required to be ready at that time, and were not, the former cannot be visited with a penalty for the latter's default. Moreover, this claim appears to be an afterthought, appellants' original excuse being that appellees were not able to give actual possession of the property. This they were not required to do, but only, as already stated, to deliver possession subject to a lease expiring April 1, 1921, and that they were able and ready to do.

Later, after the tenant had actually vacated the property, appellees again made a tender, and appellants again refused to carry out the agreement, this time claiming damages for delay in the delivery of possession.

Appellees thereupon filed the bill in equity in this case, praying a cancellation of the recorded agreement of sale; and appellants filed a cross-bill, praying specific performance of the agreement and damages for the delay. The court below found the facts hereinbefore stated; entered a decree as prayed for in the bill and dismissed the cross-bill; whereupon the proposed purchasers took this appeal.

Since there was ample evidence to support the foregoing findings of the court below, we must approve them (Colwes v. Meyer, 272 Pa. 323), and, following our decision in Octoraro Water Company v. Garrison, 271 Pa. 421, that equity has jurisdiction to remove a cloud upon a title, caused by recording an agreement of sale, must affirm the decree.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.