BREHM *v.* RAMM.

1. VENDOR AND PURCHASER — ASSIGNEE OF FORFEITED CONTRACT
WITH NOTICE ACQUIRES NO RIGHTS IN LAND CONVEYED—EQUITY.
The assignee of a land contract who paid no consideration
and took with notice that it had been forfeited, acquired
no rights in the property conveyed that a court of equity
is bound to respect.

2. SAME—LAND CONTRACT—FORFEITURE—ACQUIESCENCE.
The vendee in a land contract not in possession, who
failed to make a stipulated payment and to pay taxes, and
who, after receiving two notices that the contract was for-
feited, remained silent, by said silence and conduct ac-
quiesced in the forfeiture.

3. QUIETING TITLE—REMOVING CLOUD ON TITLE—FORFEITED CON-
TRACT.
In a suit to remove a cloud upon plaintiffs' title to land,
caused by the recording of a land contract, evidence show-
ing that it was recorded after it had been forfeited, *held*,
sufficient to justify a decree in favor of plaintiffs.

Appeal from Macomb; Reid (Neil E.), J. Submitted
April 12, 1927. (Docket No. 76.) Decided June 6,
1927.

Bill by Henry J. Brehm and another against Max
A. Ramm to remove a cloud upon the title to land.
Defendant filed a cross-bill for specific performance of
a land contract. From a decree for plaintiffs, defend-
ant appeals. Affirmed.

*Bert V. Nunnelley (S. Homer Ferguson,* of counsel),
for plaintiffs.

BIRD, J. This action is brought by plaintiffs to re-
move a cloud from their title to certain premises in

¹Vendor and Purchaser, 39 Cyc. p. 1670; ²Id., 39 Cyc. p. 1357;
³Quieting Title, 32 Cyc. p. 1322.

Macomb county caused by the recording of a forfeited and expired land contract. Defendant seeks specific performance of the contract by cross-bill, but has filed no brief in this court. The premises in question consist of 23 acres of land, and are situate on the corner of the Ten-Mile road and Prairie Mound road, in the township of Warren, Macomb county. Plaintiffs, on May 1, 1925, entered into a land contract with one Albert A. Hofmann to convey the premises to him, for a consideration of $36,800, payable $500 on the execution of the contract, $6,300 on July 6, 1925, and the balance of $30,000 on or before 8 years, with interest at 6 per cent., payable semi-annually, from July 6, 1925. Possession was to be given July 15, 1925, but plaintiffs were to have possession of the dwelling to November 15, 1925, free of rent.

The $500 was paid, but nothing further was paid, and plaintiffs never saw nor heard from Hofmann after the deal was closed. After default in the July 6th payment, and, on July 17th, plaintiffs caused a notice of forfeiture to be served on Hofmann by registered mail. This notice reached Hofmann, as is shown by his receipt. He made no reply and paid no attention to the notice. Again, on August 7, 1925, plaintiffs served on Hofmann another notice of forfeiture by registered mail. He received this notice, as his receipt for the same shows, but made no reply.

During the winter of 1925 and 1926, by reason of certain paving operations having been decided upon by the public authorities on the Ten-Mile road and Prairie Mound road, the value of the premises was greatly increased, and plaintiffs gave to Otto F. Beier, a real estate operator, an option on the premises for $55,000. Beier attempted to sell the option to defendant, but defendant learned of the Hofmann option and bought that instead, and it was duly assigned to him. The $55,000 option expired February 6, 1926, and no

action was taken under it. After obtaining the assignment of the Hofmann contract, defendant made a tender of the past-due payments, but plaintiffs refused to accept them. After making the tender he caused his copy of the contract to be recorded in Macomb county, and took no further steps in relation to the property. Plaintiffs, after a time, filed this proceeding.

The hearing convinced the chancellor that the Hofmann contract was forfeited, and that the forfeiture was acquiesced in by Hofmann, and that it had no vitality left in it when Hofmann assigned it to the defendant.

The record in this case does not impress us that defendant has acquired any rights in plaintiffs' property that a court of equity is bound to respect. *Donnelly* v. *Lyons,* 173 Mich. 515; *Tower* v. *Detroit Trust Co.,* 190 Mich. 674. When the first payment of $6,300 was due, on July 6th, it was not paid, and no reason given why it was not paid. About ten days later plaintiffs exercised their contract privilege of forfeiting the contract. Notice of this forfeiture was served on Hofmann, but he did nothing and said nothing. Later, on August 7th, another notice of forfeiture was served on him. He received this notice but was as silent as he was after he had received the first notice. He paid no interest and neglected to pay the taxes, which he had agreed to pay. Six months passed without any word from him. He never had possession of the premises and made no attempt to get possession. We think, as the chancellor suggested, that Hofmann, by his silence and conduct, acquiesced in the forfeiture.

On February 6, 1926, the Hofmann contract was assigned to defendant. Defendant knew that it had been forfeited. He paid nothing for it, and was not to pay anything for it unless he succeeded in securing

the property.   He tendered the payment of $6,300, which had been in arrears for over six months, and offered to pay the interest and taxes.   Had Hofmann, upon receiving notice of forfeiture, or within a reasonable time thereafter, come to plaintiff and tendered the July payment, a different case would have been presented, although plaintiffs in no way waived a strict compliance with the terms of the contract, but he did not do that, but, on the other hand, pursued a course of conduct clearly indicating that he acquiesced in the forfeiture which plaintiffs had declared; and quite likely nothing more would have been heard of the contract had not the contemplated paving operations given the premises a greatly increased value.

We think the chancellor took the right view of the transaction, and the decree is affirmed, with costs to plaintiffs.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.